ELLIS, Judge.
This case was previously before -the Court, 51 So.2d 162, and plaintiff’s suit was dismissed as of nonsuit for the reason that he had sued J. Lindsey Butler, husband of Mrs. Minnie Allen Butler, when the latter was the record owner of the property. The first suit was filed on September 28, 1944.
The plaintiff has reinstituted this suit under Act No. 38 of 1908, LSA-R.S. 13:5062, to establish title to 11.15 acres of land, being the North half of Lot 2 of Section 6 T 2 S R 5 E, situated in the Parish of St. Helena, State of Louisiana, and, of course, alleged that the property was not in the actual physical possession of anyone but was being claimed by Mrs. Minnie Allen Butler, wife of J. Lindsey Butler, who- is also joined as a party defendant in order to take care of any question as to the property being separate or community.
We find no answer other than the one filed in answer to the first suit filed in 1944, and gather from the briefs and minutes that the case was to be tried on the same pleadings except for the new petition filed in 1951 making Mrs. Butler the real defendant in accordance with the decree of this Court.
*315 The answer of June 9, 1947 which must be by agreement taken as the answer to the new suit, alleged that plaintiff’s petition neither set forth nor disclosed any right of action and there then followed a denial of plaintiff’s petition in general, and defendants then set up a reconventional demand in which they alleged that Mrs. Minnie Allen Butler was the owner of the property and that she and her authors in title have been in peaceful, notorious, unequivocal and uninterrupted possession under color of title for the prescriptive period of ten and thirty years.
The case was submitted upon the testimony taken upon the prior trial and judgment was rendered in favor of the defendants Mrs. Minnie Allen Butler and J. Lindsey Butler and against the plaintiff, Dan P. Allen, dismissing and rejecting the demands of plaintiff at his cost, and decreeing the defendants to be the owner of the north half of Lot 2, Section 6 T 2 S R 5 E, Parish of St. Helena, State of Louisiana, and it is from this judgment that the plaintiff has appealed.
On the 13th day of May, 1869, Mrs. Nancy Roddy donated to her grandchildren, Knighton Preston and Clara L. Day, minor heirs of William H. Day, deceased, the following described property in the following language, to-wit:
“Be it known and remembered that on this day before me, Jefferson J. Thompson, Recorder & Ex-Officio Notary Public in and for the Parish and State aforesaid, and in the presence of witnesses hereinafter named and undersigned Personally came and appeared Mrs. Nancy Roddy of lawful age widow of Thomas Roddy, Dec’d, and a resident of the Parish of St. Helena, State of Louisiana who declared and acknowledged that for the good will, love and esteem, and for the other good causes she has for her grand children, Knighton Preston, and Clara L. Day, minor heirs of Wm. H. Day, deceased late of said Parish and State. She does by these presents, give, grant, and, Donate with full guarantee against all debts, mortgages, claims, evictions, donations, alienations or other incum-brances whatsoever unto the said minors, Knighton Preston & Clara L. Day, herein represented Thomas G. Day, also a resident of said Parish & State & Under Tutor for said minors, All and Singular,
“A certain tract or parcel of land situated, lying and being in said Parish & State, containing Two Hundred Acres to be taken or run off by a line from North to South from the West portion of the tract of land on which the said Donor now resides, given to each One Hundred acres, with the express understanding that this Donation shall be as an extra portion and as an advantage over my other heirs, bounded North by lands of Henry Newsom, East by lands of this Donor, South by land of Acy A. Adams and West by lands of D. D. Day.”
On the 9th day of February 1883 K. P. (Knighton Preston) Day sold to W. H. Day (W. Harvey Day) the following described property: '
“A certain tract of land situated in St. Helena Parish, La., containing One Hundred acres to-wit: All the buildings and improvements thereon to be taken off by a line from North to South from the West portion of the late homestead of Mrs. Nancy Roddy, dec’d, and bounded on the North by lands H. C. Newsom and W. D. Phillips, East by lands of Mrs. Clara L. Tate and South 'by lands of A. A. Addams and West by lands of Vendee & Theopolers D. Allen being same land acquired by this vendor from his Grand Mother Mrs. Nancy Roddy, dec’d on the 13th day of May 1869 and attached to this Vendor in a partition made between vendor and his sister, Mrs. Clara L. Tate, and made part hereof.”
On the 27th day of November 1912 Mrs. Cora V. Day, widow of W. H. Day, and Thomas A. Day, who was presumedly the only forced heir of W. H. Day, sold to Mrs. Minnie Allen Butler, defendant herein, the following described property:
*316 “A certain tract of land, containing One hundred (100) acres, to be taken from off by a line, from North to South, from the West portion of the late Homestead of Mrs. Nancy -Roddy, deceased, and bounded now by John Newsom on the North by Estate of W. D. Phillips, East by lands of Martin Venables; South by lands of Vendor; West by T. D. Allen & being in Sec. 64 T 2 S R 5 East; And being same property acquired by W. Harvey Day 6f K. P. Day, as per deed recorded in C.O.B. #1, page 444 of the'records of St. Helena Parish.” (Emphasis' added.)
The title of the plaintiff also stems from the donation by Mrs. Nancy Roddy to K. P. and Clara L. Day, supra, for on the 14th day of February 1883, or five days subsequent to the sale by her brother and co-donee, K. P. Day, Clara L. Day sold to Henry C. Newsom the north half of Lot 2 of Section 6 T 2 S R 5 E, “being a portion of the land acquired by vendors from Nancy Roddy deceased, and bounded North by lands of H. C. Newsom, East by lands of Thophilus D. Allen, South by lands of Harvey Day and West by lands of H. C. Newsom.”
We next find a sheriff’s deed in the suit of Henry D. Newsom, et al. v. Wm. L. Allen, tutor et al., wherein the property in dispute was transferred and sold on the 8th day of December 1902 to John W. Newsom. In this deed it is stated that all the right' and title of the defendant heirs of Henry C. and Mariah Newsom was being transferred to John W. Newsom. The actual description in this deed and all subsequent deeds, including the plaintiff’s covered the entire Lot 2 of Section 6,' however, under the pleadings of the plaintiff and brief of his counsel, only the North half of Lot 2 of Section 6 T 2 S R 5 E is in dispute and is being claimed by the defendant.
On the 11th day of July, 1939 by Sheriff’s Deed in the Succession of John W. Newsom v. No. 668, George B. Annison, the property in dispute was sold to George B. An-nison and on the 26th day of August, 1942 by George Annison to Mrs. J. W. Newsom who in turn sold it on the 9th day of September 194-2 to John P. A. McDonough who in turn sold the property in dispute to the plaintiff, Dan P. Allen on the 8th day of March, 1944.
Following is a map made as a result of an ex parte survey by C. M. Moore,, Registered Civil Engineer and Surveyor,, which will clarify the location of the property described in the various deeds and the location of the property in dispute.
The defendants in their brief are reurg-ing the exception of no cause or right of action plead in the answer to the original suit, however, all grounds urged in the brief go to the very merits of the case, viz: “that the plaintiff must prevail by strength of his title in a petitory action and cannot rely upon the weakness of the title of defendants,” and “plaintiff has failed to show a title by consecutive ownership’’, and “that this suit is one which seeks to set aside the act of partition of the property of Nancy Roddy between K. P. Day and Clara Day on May 13, 1869, by altering and changing the titles and plaintiff is estopped in that he has no interest therein and further that such an action. is a personal action and must have been brought within 10 years under [LSA] Revised Civil Code, Article 853.”
As to plaintiff’s failure to show a title by consecutive ownership, there is no merit in such a contention. The plaintiff and defendant have a common author, Mrs. Nancy Roddy, and both titles spring from her donation to Knighton and Clara Day.
The second reason advanced, viz, that this suit “seeks to set aside the act of partition of the property of Nancy Roddy between K. P. Day and Clara Day on May 13, 1869” is clearly erroneous for a mere reading of the description in that act of donation and transfer which we have quoted refutes such an argument. No where in this act of donation does Mrs. Nancy Roddy designate how the 200 acres is to be divided between K. P. Day and his sister, Clara Day. She merely gives 200 acres which was to be taken from the west portion of the tract of land on which she then resided and this was to be done by running a line from north to south which would -be the boundary

*317

Commencing at west corner of Section 64 I proceeded to make survey and hereby certify the above to be a correct map of same. C. M. Moore, Reg. C. E. & Surveyor,
*318 between the 200 acres on the west and her own property on the east. Each was then to receive 100 acres but as to how it was to be partitioned, the act is silent. Therefore, the second and third contentions of counsel for defendants are without merit.
The defendant, Mrs. Minnie Allen Butler, is also the owner of the 80 acres of land lying to the east of the 102 acres as shown by the map which Clara L. Tate first sold to Martin D. Venables on the 29th day of October, 1886, which was described in the deed as follows:
“Eighty, 80 acres of land with the improvements thereon, Bounded North by lands of H. C. Newsom, East by lands of Louisa Day, South by those of Asa A. Adams and West by lands of Harvey Day, and now occupied by R. P. Lee the same being her separate parapher-nal property acquired by vendor by inheritance from her father, Wm. H. Day and her Grandmother Nancy Roddy both deceased, She, Vendor being 'fully authorized to thus alienate 'by order of the proper and competent Judge of date Oct. 19, 1886, which is annexed and made a part hereof, the aforesaid husband of Vendor 'being an absentee whose present Domicile and residence are unknown.”
This 80 acres was a part of the property donated by Nancy Roddy to K. P. and Clara Day in 1869.
According to the survey as well as the testimony of Mr. C. M. Moore, Surveyor, Knighton Preston Day and Clara L. Day received as a result of the donation from their grandmother 181 acres and not 200 acres. In other words, there is a shortage of 20 acres, however, the defendant contends that the deed which she received from Mrs. Cora Day on the 27th of Nov. 1912 gave her 100 acres which included the property in dispute, viz, the north half of Lot 2, Section 6 T 2 S R S E, and she especially plead prescription of 10 years under Article 3478 of the LSA-Civil Code, which states that, “He who acquires an immovable in good faith and by just title prescribes for it in ten years.”
Under Article 3479 of the LSA-Civil, Code, to acquire the ownership of immov-ables by ten years prescription four conditions must concur;
“1. Good faith on the part of the possessor.
“2. A title which shall be legal, and sufficient to transfer the property.
“3. Possession during -the time required by law, which possession must be accompanied by the incidents hereafter required.
“4. And finally an object which may be acquired by prescription.”
There is one thing lacking in the defendant’s title necessary to the validity of the plea of ten years. The description in the title by which defendant claims to have acquired the property in dispute does not include the disputed property, viz, the north half of Lot 2 of Section 6 T 2 S R 5 E.
An examination of the description in the donation from Nancy Roddy to the two Day children shows that the north boundary of the tract of land donated was the lands of Henry Newsom. This is also true of the sales from Knighton Preston Day to W. H. Day, however in this deed the lands of W. D. Phillips are also given as the northern boundary. In the deed from Mrs. Cora V. Day to Mrs. Minnie Allen Butler, under which the defendant is claiming the property in dispute, the northern boundary of the 100 acres is given as being “bounded now by John Newsom on the North by Estate of W. D. Phillips.” The reason Mrs. Cora V. Day bounded the property on the north by John Newsom is because she evidently recognized that the north half of Lot 2 had really belonged to Clara Tate and on the date of defendant’s purchase it had been transferred through Clara Tate and others to John Newsom. We cannot disregard the fact that John Newsom had a title to the north half of Lot 2 which he had acquired on the 8th day of December, 1903, supra, and was the record owner on the date that the defendant purchased 100 acres which she claimed included the property in dispute. We can go no further north than the property of John Newsom which under the titles is shown to be the north half of Lot 2.
Therefore, the defendant’s title is not translative of property, it did not include *319 the north half of Lot 2 hut especially excluded it, and consequently the prescription of ten years cannot be maintained.
As to 30 years possession, we are of the opinion that this plea must also be denied for the record shows that the only possession the defendant ever exercised over the north half of Lot 2 or the 11.15 acres in dispute was the cutting of timber which was done in approximately 1923 or 1925. As the suit was hied in 1944 this would not give the 30 years possession even if such was to be considered sufficient, which it isn’t under the law. The north half of Lot 2 was never under fence, except for a small garden plot which the plaintiff claims first to have enclosed ¿s a mule lot. The defendant has not proven actual possession of the land in dispute sufficiently to sustain any plea of 30 years prescription. The defendant is claiming the property in dispute by virtue of the title from Knighton Preston Day to W. H. Day. This she cannot do for the northern boundary is entirely different in the two titles. She must stand on the description in her own title acquired from Mrs. Cora V. Day in 1912.
We are of the opinion that the plea of prescription of 10 and 30 years should be overruled.
As to the two titles, the plaintiff has proven his title to the north half of Lot 2, Section 6 T 2 S R 5 E. In the first place, Mrs. Nancy Roddy, while she intended and did donate 200 acres, the party responsible for establishing the north south line which was to be the boundary between Nancy Roddy and the 200 acres donated to the two Day Children, made a mistake which resulted in the Day heirs only receiving 181 acres which, according to their grandmother’s wish, was to be divided equally. The deed from Knighton Preston Day to W. H. Day in which the former conveyed 100 acres to the latter clearly states that it is a part of the same property acquired from his grandmother Nancy Rod-dy and by act of partition with his sister, Clara Day. This act of partition was not recorded and has been lost and we can only surmise from this record as to what it actually contained. Within five days of the deed from Knighton Preston Day to W. H. Day, his sister, Clara Day, sold the north half of Lot 2, Section 6 T 2 S R 5 E to Plenry C. Newsom. She later sold what she thought was 80 acres but which the map shows to have been 78.3 acres, making a total acreage sold by Clara Day of 89.45 acres. This would leave 91.55 acres for Knighton Preston Day. It is reasonable to conclude that Knighton Preston Day and his sister, Clara, realized that instead of 200 acres they had 181 acres, and in order to carry out their grandmother’s wish to divide it equally they must have agreed for Clara Day to take the 78.3 acres on the east side of the property and also the north half of Lot 2, Section 6 T 2 S R 5 E which contained 11.15 acres. This conclusion is based upon the fact that Joe Day, a witness in this case, former deputy sheriff for many years of St. Helena Parish and a relative of some of the litigants, testified that he felt sure that Clara Day would never have tranferred property she did not actually believe she owned, and the fact that she did transfer this property only five days subsequent to the transfer by her brother Knighton Preston Day to W. H. Day. There is nothing in the record to show that W. H. Day ever thought he owned the north half of Lot 2 of Section 6 T 2 S R 5 E but, on the contrary, there is testimony by Mantie Day, who was a brother of W. H. Day, the vendee of Knighton Preston Day to the 100 acres under which the defendant now claims the disputed property, to the effect that his brother never possessed the property in dispute and never thought he owned the property in dispute but, on the contrary, said that it was owned by Clara Day. Furthermore, the-record is devoid of any act of possession by W. H. Day or his widow or heirs, and they owned the property from 1883 until 1912.
In addition to this, the deed from Mrs. Cora V. Day to the defendant expressly recognized the ownership of Clara Day and the subsequent owners through her to John Newsom whom the record shows held a title to this property on the date that the defendant acquired it, by giving as a bound *320 ary on the north the lands of John Newsom, who never before appeared ■ as the owner of any lands on the north. . ■
It is therefore ordered that the judgment of the District Court be reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Dan P. Allen, and against the defendants, Mrs. Minnie Allen Butler and J. Lindsey Butler, decreeing the said Dan P. Allen to be the owner of the North Half of Lot 2, Section 6 T 2 S R, 5 E, containing 11.15 acres, St. Helena Parish, Louisiana.
It is further ordered that the defendants pay all costs.