ELLIS, Judge.
This is a petitory action in which plaintiffs pray to be decreed the owners of the South Half (SJ^) of Lot 2 of Section 6, T 2 S R 5 E, Greensburg Land District of Louisiana, containing 11.15 acres. Plaintiffs deraigned their title and allege possession in the defendant, which by the nature of the suit is admitted to be in the defendant whether alleged or not, and further allege that the defendant was claiming the ownership of and title to the property described, supra, by virtue of act of sale from Mrs. Cora V. Day and Thomas A. Day of date Nov. 27, 1912, recorded in COB 15, page 409 of the conveyance records of the Parish of St. Helena, State of Louisiana.
The defendant first filed a plea of res adjudicata based upon the ground of an alleged previous suit before this court between the same parties and involving part of this same Lot No. 2, Sec. 6 T 2 S R 5 E, in which a definitive judgment awarded to the father of the present plaintiff, the north half (N}/£) of said Lot 2 and that the south half (Sl4) was recognized as possessed for more than thirty years by the defendant. Based upon such alleged facts, defendant prayed that the plaintiff’s suit be dismissed at their costs.
Defendant also filed by way of answer an exception of no cause or right of action, and plead again res adjudicata and the-prescription of ten, twenty and thirty years. The defendant then alternatively denied the allegations of the plaintiffs’ petition but admitted that she claimed the ownership and title of the property in question, but denied that she relied solely on the act of record in COB 15, pg. 409, supra.
The plea of res adjudicata was overruled, the exceptions referred to the merits. It would appear from the written reasons of the lower court that the latter interpreted the defendant’s pleadings as not claiming ownership under title but as being based' entirely upon exceptions, the plea of res adjudicata and, alternatively, upon pleas of prescription of ten, twenty and thirty years, and stated that the only question before the Court involving the south half of Lot 2 was one of possession for the required length of time and under the required circumstances to maintain title by prescription. Therefore, the lower court’s-judgment was based only upon the prescriptive plea of thirty years and judgment was accordingly rendered sustaining the plea of prescription of the defendant of thirty years to all that portion of Lot 2 lying south of a public road known as the Oakley road.
The plaintiffs appeal from the above-judgment and the defendant has answered the appeal in which it asks that the judgment be amended so as to recognize their ownership of that portion of Lot 2 lying, to the north of the Oakley Road and as thus amended that it be affirmed.
In 1944, Dan Allen, husband and father,, respectively, of the present plaintiffs, filed suit against the same defendant as in the- *155 case at bar under Act No. 38 of 1908, LSA-R.S. 13:5062, to establish title to 11.15 acres of land which was the north half of Lot 2, Section 6 T 2 S.R 5 E, situated in the Parish of St. Helena, State of Louisiana. The suit, which is reported in La.App., 60 So.2d 314, 319, resulted in a judgment for the plaintiff Dan Allen.
Counsel[1] for plaintiff in the present suit argues that a mistake was made in the first suit by not including the South half (Si/2) of Lot 2, that is, the entire acreage included in Lot 2. He bases this contention upon the following statement in his brief:
“The writer of this brief is of the opinion that it was an error on the part of the last party who drew up the sale from Clara L. Day to Henry C. Newsom in describing the property as the north half because the property was described by metes and bounds and, further, it was described as containing 22.30 acres which is all Lot 2 ever contained. It is obvious how this error came about for an examination of the testimony of Mr. O. C. Hollister (Pages 75-92) and particularly with special reference to pages 76-■80, where he was testifying with reference to the U. S. Government Township Plat (Page 78, offered in evidence as P-X) it will be noted that whereas most of the other entries are almost perfectly square and contain 40 acres, Lot No. 2, patented to Nancy Roddy, is odd-shaped and contains only 22.30 acres due to the size and shape of the prior entry of Samuel Leonard containing 640 acres. It is submitted that in preparing the deed from Clara L. Day to Henry C. Newsom, the party drawing same was of the opinion that this was only the North half of Lot 2, whereas, in truth and in fact, it was the entire Lot 2. It makes no difference whether the property in question was referred to as the North one-half, the South one-third or the West one-fourth, in all of the deeds it was described by metes and bounds and contained 22.30 acres. That is what petitioners and their ancestors in title received, including Nancy Roddy in her patent from the government, 22.30 acres.”
Before proceeding with any further discussion, as the facts and chain of title are the same in the case at bar as in the first case of Allen v. Butler, cited supra, we hereby re-adopt our opinion in that case which settled the title and ownership of the North half (NJ4) of Lot 2 of Section 6 T 2 S R 5 E containing in the aggregate 22.30 acres. Had the plaintiff in that suit included a claim of ownership and put at issue the title to the south half of Lot 2, we could have decided it on the same facts and for the same reasons and on the same title as were brought out in the first suit. Counsel’s contention quoted from his brief, supra, that an error was made in the title and sale from Clara L. Day to Plenry C. Newsom in describing the property as the North half of Lot 2 rather than the entire Lot 2 was not borne out by the record in the first suit filed nor in the case at bar. The metes and bounds and acreage of 22.30 acres set forth in the act of sale from Clara Day to Henry C. Newsom it is true referred to a description of and the acreage contained in the entire Lot 2, but this is modified and restricted by the words “north half” which would limit the acreage transferred to 11.15 acres. The mistake first came into the plaintiffs’ chain of title in the sheriff’s deed in the succession proceedings of Henry B. Newsom et al. v. William L. Allen, Tutor, et al. to John W. Newsom, when in making the deed the sheriff left out “north half of” and merely described the property being transferred as “Lot 2, Section 6, entered by Mrs. Nancy and containing 22.30 acres * * * ”, this error continued throughout plaintiffs’ title. When plaintiffs’ husband and father, respectively, filed the first suit, supra, no possession of any part of Lot 2 was claimed by plaintiff, in fact, the suit was specifically *156 filed under the act to try title where neither party is in possession. This court specifically held in the first suit that neither did the defendant prove any possession of the North half of Lot 2, sufficient to sustain her plea of thirty years prescription. Therefore, we based our decision strictly upon the title given by Clara Day to Henry Newsom for the North half of Lot 2. Our reasons for doing so are fully stated in our opinion referred to and cited, supra. We also specifically held in the first suit that the defendant therein, who is the defendant herein, was claiming the property in dispute by virtue of the title from Knighton Preston Day to W. H. Day. Of this we said: “This she cannot do for the northern boundary is entirely different in the two titles. She must stand on the description of her own title acquired from Mrs. Cora V. Day in 1912.” Further in the opinion, in discussing the defendant’s northern boundary, of the property acquired in the said deed from Mrs. Cora V. Day in 1912, we said: “In addition to this, the deed from Mrs. Cora V. Day to the defendant expressly recognized the ownership of Clara Day and the subsequent owners through her to John Newsom whom the record shows held a title to this property[2] on the date that the defendant acquired it, by giving as a boundary on the north the lands of John Newsom, who never before appeared as the owner of any lands on the north.” By this statement we meant to specifically state that the defendants’ author in title, Mrs. Cora V. Day, in 1912, specifically recognized the fact that Clara Day had transferred to John New-som the north half of Lot 2 by making the north boundary of the property she was transferring to the defendant in the case at bar the south line of the north half of Lot 2.
Plaintiffs and their authors in title are limited and controlled by the description in the act of sale from Clara L. Tate to Henry C. Newsom passed on the 14th day of February, 1883. This description reads as follows: “that certain tract or parcel of land or lot of ground, together with the improvements thereon and all rights, ways, privileges and appurtenances thereunto belonging or in anywise appertaining, situated in the Parish of St. Helena, Louisiana, and being the north half of Lot No. Two of Section 6 in T 2 S of R 5 E as per graduation certificate No. 4036 of U. S. Land office containing 20 acres more or less, being a portion of the land acquired by vendors from Nancy Roddy, deceased, and bounded north by lands of H. C. Newsom, east by lands of Thophilus D. Allen, south by lands of Harvey Day, and west by lands of N. C. Newsom.” (Emphasis added.)
Plaintiffs can claim no more under the above-quoted description than was given them in the first suit, 60 So.2d 314. This court gave full effect to the above-quoted description in that suit and based a judgment in favor of the plaintiffs therein to the north half of Lot 2 upon the description in the deed from Clara Tate to Henry C. Newsom. We are firm in our opinion that for the reasons stated in the first suit that full effect should have been given to the description “north half” and when this is done and we then accept as a proper boundary on the south of the property which plaintiffs acquired in said deed as “south by lands of Harvey Day” we are including in the defendant’s title the south half of Lot 2 which was acquired from Mrs. Cora V. Day, widow of W. H. Day, and Thomas A. Day on the 27th of Nov. 1912, and by them from the succession of their husband and father, respectively, who in turn acquired from Knighton Preston Day, who in turn acquired from Mrs. Nancy Roddy, the common author of both plaintiffs and the defendant herein.[3] It is true that in the very next deed which was *157 made by the sheriff in the suit of Henry B. Newsom et al. v. William L. Allen, Tutor, et al. to John W. Newsom an error was made in that the Sheriff did not put the north half of Lot 2 but transferred all of Lot 2. This error continued through plaintiffs’ chain of title, but the latter are not claiming any prescription whatsoever on their part based on any possession to any part of the south half of Lot 2, and not having a valid title to the entire lot but only to the north half they are not entitled to a judgment decreeing them to be the owners of the south half of Lot 2 of Sec. 6 T 2 S R 5 E. On the other hand, the defendant has a title to the south half of Lot 2 by virtue of the fact that the description excludes the inclusion of the south half of Lot 2 in the plaintiffs’ title and places it squarely in the ownership of W. H. Day, ancestor in title of the defendant. In addition, the district court found that the plea of prescription of thirty years filed on behalf of the defendant was proven to all that portion of the south half of Lot 2 lying south of the Oakley Road. This was done on the theory that the Oakley Road appeared to divide the property almost equally. However, there is no testimony by any surveyor and no testimony that it does so divide the property and in this respect we believe the judgment of the lower court is in error. Furthermore, the prescription which the defendant exercised over that portion of the south half of Lot 2 to the open road was open and notorious with an intention of possessing the whole of the south half of Lot 2, that is, to the limits of their title, and would be sufficient under the facts of the case to sustain the plea of prescription of thirty years filed on behalf of the defendant.
Furthermore, the judgment of this court in which a re-hearing was denied and writs denied by the Supreme Court awarding to the plaintiffs the north half of Lot 2 is res adjudicata and cannot now be changed, which would be the effect of the District Court’s judgment were it allowed to stand as rendered. If the Oakley Road is used as a dividing line, a portion of the north half of Lot 2 would be taken from the plaintiffs and given to the defendant, and a portion of the south half of Lot 2 would be decreed to be the property of the plaintiffs. Therefore, the proper boundary is a line running across Lot 2 so as to place 11.15 acres in the North half and the same number of acres in the South half without regard to the existence or location of the Oakley Road.
The plaintiffs are also claiming title to all of Lot 2 by a deed from Mrs. Louam-mie O. Allen, Jan. 20, 1921, by deed duly recorded in Bk. 20 at page 329 of the conveyance records of St. Helena Parish, to Dan P. Allen, husband and father, respectively of petitioners in this suit.
Counsel for plaintiffs also at the beginning of the trial asked leave of the court to offer, produce and file in evidence a certified copy of an act of sale, or, rather, an act of partition between D. D. Day, Sr. and his three minor children, W. Harvey Day, D. D. Day, Jr. and Louammie Day, dated Dec. 13, 1876, the original being recorded in COB X, page 411. This offering is not in the record.
On page 73 of the transcript counsel for plaintiff also offered in evidence, “the plan and plat of the survey showing an act of partition between D. D. Day Sr. and his three children, W. Harvey Day, D. D. Day, Jr. and Ammie Day, now the wife of Office Allen, which plat and plan of survey was attached to the original act of sale from Mrs. Cora V. Day, et al. to George A. Day, filed Dec. 20th, 1915, recorded in COB 17, folio 819, and signed Dec. 27, 1915, J. D. Dean, Clerk, the act of partition and plat and plan thereof being made a part of the act of sale.” This plat is not in the record.
If the plat of survey referred to in the offering as being annexed to a deed from Mrs. Cora V. Day et al. to George A. Day included Lot 2 of Sec. 6 T 2 S R 5 E, and Mrs. Cora V. Day being the same person who sold to Mrs. Minnie "Allen Butler, defendant herein, on the 27th day of Nov. 1912 certain property which we have inter *158 preted as covering or including the south half of Lot 2, then a deed from Mrs. Cora V. Day to George A. Day of Dec. 20, 1919, would be ineffective as to the south half of Lot 2.
For the above and foregoing reasons and in addition the reasons stated in the suit of Allen v. Butler, La.App., 60 So.2d 314, it is ordered, adjudged and decreed that the demands of the plaintiffs be rejected and that there be judgment now in favor of the defendant and against the plaintiffs decreeing the defendant to be the owner of the south half of Lot 2 of Section 6T2S R 5 E, Greensburg Land District of Louisiana, situated in the parish of St. Helena.
Amended and affirmed.

. Different counsel represented plaintiff Dan Allen in the previous suit.

. North half of Lot 2.

. For a proper understanding of this opinion it will be necessary that the reader familiarize .himself with the first opinion of this court in the case of Allen v. Butler, 60 So.2d 314, which, we have incorporated herein by adoption of that entire opinion by reference thereto, supra.